NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY ERIC EMERSON, *Appellant.*

Nos. 1 CA-CR 14-0230, 1 CA-CR 14-0231 (Consolidated)
FILED 08-13-2015

---

Appeal from the Superior Court in Maricopa County
Nos. CR2010-138001-001 and CR2010-139292-001
The Honorable Karen L. O'Conner, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Anthony Eric Emerson, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

---

**W I N T H R O P**, Judge:

¶1        In this consolidated appeal, Anthony Eric Emerson ("Appellant") appeals his convictions and sentences in two cases, tried separately.  In the first case, CR2010-139292-001, Appellant was charged by information with armed robbery.  The jury found Appellant guilty and he was sentenced to an aggravated term of twenty-eight years in prison.  In the second case, CR2010-138001-001, Appellant was charged by information with robbery (Count 1), possession or use of narcotic drugs (Count 2), unlawful use of means of transportation (Count 3), and possession of drug paraphernalia (Count 4).  Appellant was convicted of robbery and possession or use of narcotic drugs (Counts 1 and 2) and sentenced to ten years' imprisonment on each count, to be served concurrently.  Appellant's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), indicating he searched the record on appeal and, finding no arguable question of law that was not frivolous, requested this court to review the entire record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  Appellant has also filed a supplemental brief *in propria persona*.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1),[1] 13–4031, and 13–4033(A).  Finding no reversible error, we affirm.

---

[1]      We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the date of the offense.

## FACTS[2] AND PROCEDURAL HISTORY

¶3        Throughout the duration of both cases and on appeal, Appellant alleges that he is "not a legal fiction" and that he did not accept the jurisdiction of the trial court.  He repeatedly requested to represent himself, and for a short period of time Appellant was acting *pro per* and ultimately the court denied his request to proceed without counsel. Appellant elected not to participate in most of the proceedings in both cases; either tacitly by his inappropriate behavior, or by affirmatively requesting to be excused.  Although Appellant was originally charged in mid-2010, the cases were not taken to trial until almost three and a half years later because Appellant's competency was being evaluated in the interim. The issue of competency in both cases was determined in consolidated Rule 11 proceedings and Appellant was ultimately deemed competent to aid in his defense.

¶4        The armed robbery charge was tried first.  At trial, the State presented the following evidence:  On July 20, 2010, Appellant entered a Walgreens store.  Appellant was described by an eyewitness as wearing a low hat and having dreadlocks.  A Walgreens employee assisted Appellant with locating a pack of gum at his request, and Appellant approached the register with cash to presumably pay for the item.  When the cash drawer opened to provide change for the transaction, Appellant reached into the register and attempted to take the cash drawer.  The Walgreens employee held onto the drawer, and after a brief tug-of-war with the drawer, the Walgreens employee was able to gain control and attempted to flee the area. As the employee was running away, she turned and saw Appellant brandishing what appeared to be a gun.  The employee threw the cash drawer into one of the store aisles in an attempt to redirect Appellant, and ran into a back area of the store.  Appellant was observed on surveillance video as leaving the scene in a gold four-door sedan.

¶5        Video and still photos from the Walgreens surveillance camera captured the incident and were submitted at trial.  Appellant was seen wearing a black hat and sunglasses and had dreadlocks.  Two eyewitnesses identified Appellant as the perpetrator from a six-person photo lineup.  A black hat, dreadlock wig, and toy gun were found in a car known to be used by Appellant during the robbery and submitted as

---

[2]        In our review, we consider the facts in the light most favorable to upholding the jury's verdict.  *State v. Mitchell,* 204 Ariz. 216, 217, ¶ 3, 62 P.3d 616, 617 (App. 2003).

evidence. Appellant was found guilty of armed robbery, and the jury also found three aggravating factors.

¶6        In the other case, the State presented evidence that Appellant had robbed a different Walgreens store on July 19, 2010. A Walgreens manager testified that, while he was counting out cash from a register, he set some of the money aside. Appellant was present in the store and reached across the counter, grabbing the money. Appellant ran out of the store, and the manager followed, observing Appellant get in a gold four-door sedan to escape the scene. A surveillance video of the incident and still frames showed Appellant wearing a black hat, dreadlocks, and sunglasses - the same items later located in the vehicle used by Appellant. The Walgreens manager identified Appellant from a six-person photo lineup. Appellant was carrying a substance later identified as crack cocaine at the time of his arrest. He was found guilty of robbery and possession or use of drugs.

¶7        Appellant was sentenced in both cases in March 2014. As to the armed robbery, the court found three aggravating factors - emotional harm, pecuniary gain, and threatened infliction of serious physical injury - as well as Appellant's prior felony convictions. The court further found these factors outweighed the mitigation evidence presented, and sentenced Appellant to twenty-eight years with 1,346 days of presentence incarceration credit. The court ordered the presumptive sentence of ten years for Appellant's robbery and drug possession convictions to run concurrently to one another and consecutive to his sentence for armed robbery.

**ANALYSIS**

¶8        We have reviewed the entire record for reversible error and find none. *See Leon,* 104 Ariz. at 300, 451 P.2d at 881; *Clark,* 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The sentences were within the statutory limits. Appellant was represented by counsel at trial and spoke at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure. Further, substantial evidence supported the jury's verdicts, including video of both events and eyewitness identification.

¶9        In his brief, Appellant requests this court to prove that the trial court had "jurisdiction over the private flesh and blood man," but provides no argument or applicable facts supporting a colorable jurisdictional issue. In any event, A.R.S. § 13-108 unequivocally confers jurisdiction to the trial court over Appellant in both cases.

**¶10**        After the filing of this decision and notification to Appellant of the status of the appeal and of his future options, defense counsel's obligations pertaining to representation of Appellant have ended. *See Clark,* 196 Ariz. at 536, ¶ 30, 2 P.3d at 95; *State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶11**        We affirm both of the trial court's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: RT